UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
NORMAN M. TODD,                       :    11 Civ. 8973 (ALC) (JCF)
                                      :
                Plaintiff,            :         REPORT AND
                                      :        RECOMMENDATION
     - against -                      :
                                      :
U.S. DEPARTMENT OF EDUCATION,         :
                                      :
                Defendant.            :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE ANDREW L. CARTER, U.S.D.J.:

    Pro se plaintiff Norman Todd has commenced this action alleging that the United States Department of Education (the "DOE") wrongfully seized $5,182 from his 2010 federal tax refund to offset student debt arising from loan proceeds that he never received. He contends that some unknown person fraudulently applied for the loan in his name. The defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For the reasons discussed below, I recommend that the defendant's motion be granted.

Background

    The following facts are drawn from the Defendant's Statement Pursuant to Local Civil Rule 56.1 ("Local Rule 56.1 Statement"),[1] the Notice of Certified Administrative Record ("CAR"), and a declaration submitted by the DOE (Declaration of Sheryl Davis dated

---

[1] DOE's Local Rule 56.1 Statement takes the form of the administrative record that was filed with the Court on October 9, 2012. (Local Rule 56.1 Statement, ¶ 1).

Oct. 5, 2012 ("Davis Decl.")), as well as accompanying exhibits.[2]

According to DOE's National Student Loan Database System ("NSLDS"),[3] Mr. Todd obtained a student loan on December 18, 1984, pursuant to the Federal Family Education Loan Program ("FFELP") in the amount of $2,500 bearing an interest rate of 8% (the "loan"). (Davis Decl., ¶¶ 18, 20; NSLDS Aggregate Loan Screen ("NSLDS Screen"), attached as Exh. A to Davis Decl., at 2; NSLDS Activities for Loan ("NSLDS Activities"), attached as Exh. B to Davis Decl., at 1). A Norman Todd signed the promissory note for the loan on

---

[2] The defendant complied with Rule 56.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York by explaining to the plaintiff the consequences of failing to respond to a motion for summary judgement and the need to file responsive evidentiary material. (Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment dated Oct. 9, 2012). The plaintiff, however, has not submitted any opposition to the defendant's motion. Nevertheless "where the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation marks omitted). The court may not rely solely on the statement of undisputed facts contained in the moving party's Local Rule 56.1 statement, but must be satisfied that the evidence in the record supports the moving party's assertions. Id. Where the court's independent review of the record yields evidence contrary to a given assertion in the moving party's Local Rule 56.1 statement, or where a party fails to support an assertion by citing admissible evidence, the court may reject that assertion. Holtz v. Rockefeller & Co., 258 F.3d 62, 73-74 (2d Cir. 2001). Conversely, where the moving party's Local Rule 56.1 statement is not contradicted by the court's review of the record, then the party's assertions will be deemed admitted as a matter of law for the purposes of a summary judgment motion. See, e.g., Chitoiu v. UNUM Provident Corp., No. 05 Civ. 8119, 2007 WL 1988406, at *1 n.1 (S.D.N.Y. July 6, 2007).

[3] NSLDS is a computer database that contains information on outstanding loans made under Title IV of the Higher Education Act of 1964 ("HEA"). (Davis Decl., ¶ 6).

January 10, 1984 (Davis Decl., ¶ 20; Guaranteed Student Loan Promissory Note dated Jan. 10, 1984, attached as Exh. C to Davis Decl.), and the loan was disbursed on January 22, 1985 (Davis Decl., ¶ 20; NSLDS Screen at 2; NSLDS Activities at 1; Debt Management and Collection System Federal Family Education Loan Debt Information Screen ("DMCS FFEL Debt Info."), attached as Exh D to Davis Decl., at 1).[4]

The loan defaulted on November 14, 1986 (Davis Decl., ¶ 20; FFEL Debt Info. at 2), and it was assigned to DOE's Default Resolution Group on November 7, 1992.  (Davis Decl., ¶ 20; FFEL Debt Info. at 1).  DOE sent numerous letters to the plaintiff in attempts to collect on the loan.  (Davis Decl., ¶ 23; DMCS Correspondence ("DMCS Correspondence"), attached as Exh. L to Davis Decl.).  It also sent six notices to Mr. Todd, informing him that it intended to collect his outstanding debt through the Treasury Offset Program ("TOP").[5]  (Davis Decl., ¶ 24; DMCS Correspondence at 1, 4-5).

The plaintiff, in a letter dated March 10, 2008, sought to "clarify that [he] d[id] not owe any student loan to the Department

---

[4] The Debt Management and Collection System ("DMCS") is a computer database that contains information on all defaulted student loan accounts held by DOE and serviced by Student Credit Management-Collections.  (Davis Decl., ¶ 5).

[5] TOP is a centralized debt collection program developed and run by the United States Department of Treasury ("Treasury") to assist federal agencies collect delinquent debts owed to the federal government.  (Davis Decl., ¶ 16).  Through TOP, federal payments are withheld to satisfy delinquent federal debts.  (Davis Decl., ¶ 16).  A creditor agency must provide notice and an opportunity to be heard before referring a debt to Treasury for collection through TOP.  (Davis Decl., ¶ 17)

3

of Education" and requested his name be removed from the list of debtors with loans subject to collection. (Letter of Norman Todd dated March 10, 2011, attached as Exh. F to Davis Decl.; Davis Decl., ¶ 21). DOE responded by informing him that its records supported the existence of the loan in his name and that he had the burden of proving that the debt is not owed. (Letter of Diane Spadoni dated May 8, 2008, attached as Exh. G to Davis Decl., at 1).

In February 2011, $5,186 was offset from the plaintiff's 2010 federal tax refund and credited toward the loan. (Davis Decl., ¶ 20; DMCS TOP Payment, attached as Exh. E to Davis Decl.; Complaint ("Compl."), ¶ III.C).

In March 2011, the plaintiff submitted a Loan Discharge Application: False Certification ("Loan Discharge Application") with signature samples (CAR at 4-5, 7-10),[6] and a letter (CAR at 6). In that letter, he claimed that he was the "victim of identify theft," that he did not apply for any loan, and that the signature on the promissory note is a forgery. (CAR at 6). He requested to have the loan discharged and his "tax return refund return[ed] to [him] immediately." (CAR at 6).

In a letter dated June 16, 2011, DOE notified Mr. Todd that it had denied his Loan Discharge Application upon "a thorough review" because "[the plaintiff] provided signature samples, but none within a year of the contested signature." (CAR at 3).

---

[6] The administrative record annexed to the CAR is not numbered so I cite to the page numbers assigned by the Case Management/Electronic Case Filing (CM/ECF) system.

As of October 3, 2012, $1,267.70 remains owing on the loan. (Davis Decl., ¶ 25; Account Profile Screen dated Oct. 3, 2012, attached as Exh. O to Davis Decl.).

Discussion

    A.   Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011). A dispute regarding a material fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009). A material fact is one that "'might affect the outcome of the suit under the governing law.'" Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (quoting Anderson, 477 U.S. at 248). In assessing whether there is a genuine issue of material fact, "a court must 'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" Seeman v. Local 32B-32J, Service Employees Union, 769 F. Supp. 2d 615, 620 (S.D.N.Y. 2011) (quoting Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003)).

The moving party bears the initial burden of identifying those portions of the record that demonstrate "the absence of a genuine

issue of material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), following which the opposing party must come forward with "specific facts showing that there is a genuine issue for trial," Wrobel v. County of Erie, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). The parties can support their claims with discovery materials, stipulations, affidavits, see Fed. R. Civ. P. 56(c)(1)(A); however, "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment," Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F. 3d 244, 264 (2d Cir. 2009) (internal quotation marks omitted).

  B. Statute of Limitations

  Mr. Todd contends that DOE is barred from collecting on the loan by the statute of limitations. (Compl., ¶ III.C). However, the collection of student loan debts is not subject to any limitations period. 20 U.S.C. § 1091a(a)(2); see Lockhart v. United States, 546 U.S. 142, 145-46 (2005) ("In 1991, [] the Higher Education Technical Amendments sweepingly eliminated time limitations as to certain loans: 'Notwithstanding any other provision of statute . . . no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken,' 20 U.S.C. § 1091a(a)(2), for the repayment of various student loans." (second alteration in original) (first internal citation omitted)); United States v. Pelt, No. 11 CV 6156, 2013 WL 1173898, at *5 (E.D.N.Y.

March 18, 2013) ("The Higher Educational Technical Amendments of 1991 ("HETA"), 20 U.S.C. § 1091a, eliminates any applicable statues of limitations in student loan cases."). Thus, the plaintiff's assertion that the defendant is time-barred from collecting on the loan is without merit.

    C.    <u>Administrative Procedure Act</u>

Mr. Todd seeks review of DOE's decision to deny the Loan Discharge Application and initiate the collection of the debt through TOP. (Complaint ("Compl"), ¶ III.C). Liberally construing Mr. Todd's action, it appears that he is pleading a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 <u>et seq.</u>. <u>See, e.g.</u>, <u>Norasteh v. United States Department of Education</u>, No. 10 Civ. 2226, 2011 WL 2473457, at *4 (S.D.N.Y. March 18, 2011) (construing improper garnishment of wages to offset student loan as APA claim); <u>Jones v. United States Department of Education</u>, No. 08 CV 4404, 2010 WL 2710624, at *3 (E.D.N.Y. July 6, 2010) (construing improper garnishment of Social Security benefit to offset outstanding student loan as APA claim); <u>Sanon v. Department of Higher Education</u>, No. 06 CV 4928, 2010 WL 1049264, at *4 (E.D.N.Y. March 18, 2010) (construing improper garnishment of wages claim as stating APA claim).

"Under the APA, decisions of government agencies are not subject to <u>de</u> <u>novo</u> review. Rather, a federal court may overturn an agency decision only if it was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" <u>Norasteh</u>, 2011 WL 2473457, at *4 (quoting 5 U.S.C. § 706(2)(A));

see New York Public Interest Research Group v. Whitman, 321 F.3d 316, 324 (2d Cir. 2003) ("When the question is not one of the agency's authority but of the reasonableness of its actions, the 'arbitrary and capricious' standard of the APA governs."). The scope of judicial review is "narrow" and "a court is not to substitute its judgment for that of the agency." Judulang v. Holder, ___ U.S. ___, ___, 132 S. Ct. 476, 483 (2011) (internal quotation marks omitted). Rather, a court is "limited to examining the administrative record to determine 'whether the [agency] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" Natural Resources Defense Council, Inc. v. Muszynski, 268 F.3d 91, 97 (2d Cir. 2001) (quoting City of New York v. Shalala, 34 F.3d 1161, 1167 (2d Cir. 1994)); see Judulang, ___ U.S. at ___, 132 S. Ct. at 484. A court will set aside an administrative decision only if the agency

> has relied on factors which Congress has not intended it consider, entirely failed to consider important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Norasteh, 2011 WL 2473457, at *4 (quoting Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 43 (1983); accord Bechtel v. Administrative Review Board, United States Department of Labor, 710 F.3d 443, 446 (2d Cir. 2013). "The plaintiff bears a 'heavy burden of proof under this deferential standard.'" Norasteh, 2011 WL 2473457, at *4 (quoting Catto v. Duncan, No. 04

Civ. 7364, 2009 WL 928094, at *4 (S.D.N.Y. March 31, 2009)).

    D.   <u>Loan Discharge Decision</u>

    An individual seeking a discharge of a student loan because of a purportedly fraudulent signature on the loan application or the promissory note must "[p]rovide five different specimens of his or her signature, two of which must be not earlier or later than one year before or after the date of the contested signature." 34 C.F.R. § 682.402(e)(3)(iii)(B). The Loan Discharge Application directed Mr. Todd to "attach documents containing four other samples of [his] signature in addition to the signature on this application. At least two of these samples must clearly show that [his] signature [was] written within one year before of after the date of the document on which someone else signed [his] name." (CAR at 4). The plaintiff submitted four signature samples in addition to his signature on the application. (CAR at 4, 6, 8-10).

    DOE denied Mr. Todd's application "[a]fter a thorough review" because although "[he] provided signature samples, [] none [was] within a year of the contested signature." (CAR at 3). The signature samples he submitted were from a letter dated March 8, 2011 (CAR 6), a City of New York Department of Finance form dated June 7, 2010 (CAR 8), a OneSource card with an expiration date of September 30, 2005 (CAR 9), and a life insurance form dated March 4, 2011 (CAR 10). None of these samples is a signature written within one year of January 10, 1984, the date of the signature on the contested promissory note. Since Mr. Todd's submission did not conform to the regulatory requirements, the DOE's denial of his

claim was not arbitrary, capricious, or contrary to the law; indeed, it was supported by substantial evidence.

Conclusion

For the reasons stated above, the defendant's motion for summary judgment (Docket no. 14) should be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable Andrew L. Carter, U.S.D.J., Room 425, 40 Foley Square, New York, New York, 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         April 23, 2013

Copies mailed this date to:

Norman M. Todd
63 East 177th Street
Bronx, New York   10453

10

Bertrand Madsen, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007